**SO ORDERED: January 30, 2020.**



**Jeffrey J. Graham**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRANDON BOWMAN and | ) | Case No. 19-04789-JJG-7 |
| TIFFANY BOWMAN, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER ON UNITED STATES TRUSTEE'S MOTION TO EXAMINE DEBTORS' TRANSACTIONS WITH ATTORNEY PURSUANT TO FED. R. BANKR. P. 2017 AND FOR DISGORGEMENT OF FEES PURSUANT TO 11 U.S.C. § 329**

This matter raises the question of what services may be unbundled by attorneys representing debtors in chapter 7 cases. For the reasons stated below, the Court finds that attorneys cannot unbundle or exclude representation for "heavily litigated matters."

BACKGROUND

Debtors Brandon and Tiffany Bowman engaged Attorney Oliver Younge of Deighan Law LLC, a/k/a UpRight Law, a/k/a Chern Law (the "Firm"), to represent them in their bankruptcy proceeding. The Firm, both in its engagement letter with

Debtors and in its *Disclosure of Compensation of Attorney for Debtor(s)*, excluded representation for "any dischargeability action, adversary proceeding, or heavily litigated matters…" Debtors paid the Firm $1,500.00 for its legal services in connection with the bankruptcy case.

The Firm filed the case but the United States Trustee ("UST") noted several issues with how Debtors' means test was calculated. Although Debtors and the Firm provided some information to the UST, the UST believed that Debtors had disposable monthly income creating a presumption of abuse under 11 U.S.C. § 707(b). The UST then moved to dismiss Debtors' case based upon this presumption (the "Motion to Dismiss").

The UST followed up its Motion to Dismiss with certain discovery requests as well as a deposition. It was at this time that the relationship among Debtors and the Firm began to deteriorate. It is unclear whether the Firm declined to represent Debtors due to the matter being "heavily litigated" or if the Firm requested additional compensation and Debtors declined. Regardless, Debtors attended the hearing on the Motion to Dismiss without counsel. The Court continued that hearing as it felt that Debtors deserved the benefit of counsel at such a hearing.[1]

Based upon the failure of the Firm to appear at the Motion to Dismiss hearing and statements by Debtors, the UST filed the *United States Trustee's Motion to Examine Debtors' Transactions With Attorney Pursuant to Fed. R. Bankr. P. 2017 and for Disgorgement of Fees Pursuant to 11 U.S.C. § 329* (the "Motion to

---

[1] The Motion to Dismiss remains pending while Debtors obtain new counsel.

2

Examine"). The Motion to Examine sought to disgorge the fees paid by Debtors to the Firm for two reasons: (1) the Firm improperly unbundled "heavily litigated matters" from the scope of representation; and (2) that the services provided by the Firm were deficient such as the Firm's compensation was unjustified. The Firm filed a response to the Motion to Examine and ultimately refunded not only the compensation paid by Debtors to the Firm but also the filing fee. The Court conducted a hearing on the Motion to Examine and response thereto, and at the hearing the UST conceded that its requests for disgorgement were mooted by the Firm's refund of the compensation and filing fee. However, the UST asked the Court to determine whether the Firm, or any bankruptcy attorney, could unbundle "heavily litigated matters" from its representation of debtors.

## ANALYSIS AND DISCUSSION

When debtors file for relief under the Bankruptcy Code, they seek a fresh start. *See In re Roth*, 594 B.R. 672, 677 (Bankr. S.D. Ind. 2018) (citing *Lamar, Archer & Cofrin, LLP v. Appling*, __ U.S. __, 138 S.Ct. 1752 (2018)). More specifically, debtors seek to "reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and clear field for future efforts, unhampered by the pressure and discouragement of pre-existing debt.'" *In re Collmar*, 417 B.R. 920, 923 (Bankr. N.D. Ind. 2009) (citing *Grogan v. Garner*, 498 U.S. 279, 286 (U.S. 1991)). When debtors hire bankruptcy counsel, it becomes counsel's "obligation to help their client achieve this goal and requires counsel to assist them through the

3

entire journey through the bankruptcy process, not just at selected steps along the way." *In re Collmar*, 417 B.R. at 923.

The Firm's engagement letter and disclosure of compensation excluded certain steps from Debtors' journey. The exclusion of certain services in representing a client is not, in and of itself, improper. Indiana Rule of Professional Conduct 1.2(c) provides that counsel "may limit the scope and objective of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." It is not uncommon, at least in this District, for debtors' counsel to exclude adversary proceedings from the scope of their services. Assuming that the Firm's clients are made aware of what that exclusion means and consent to the same, the Court has no issue with unbundling adversary proceedings.

More troubling is the Firm's attempt to unbundle matters consisting of "heavily litigated" or "heavily contested" matters. What, exactly, are "heavily litigated matters?" When does a matter transform from a "regularly litigated matter" to a "heavily litigated matter?" Who decides if a matter is heavily litigated? The Court, frankly, has no idea what the phrase "heavily litigated matter" means. So how in the world would debtors have any idea what the phrase "heavily litigated matter" means and be able to consent to its unbundling?

The ambiguity of the phrase "heavily litigated matter" makes it impossible for debtors seeking bankruptcy relief to give informed consent to excluding such matters from counsel's services. Attempting to include such a limitation in a lawyer's services to a debtor violates Ind. R. Prof. Conduct 1.2(c). But such

4

unbundling also is unreasonable.  To allow such an exclusion could potentially deprive debtors of their counsel's services when such services are most needed.  The fact that the Firm may have been excused from representing Debtors at the Motion to Dismiss highlights the danger of allowing lawyers from unbundling "heavily litigated matters" from their services.  Allowing an attorney to walk away when the going gets tough is a representation step that cannot be skipped.

## CONCLUSION

Because the Firm refunded all amounts paid by Debtors, the Court DENIES AS MOOT the Motion to Examine to the extent it seeks disgorgement.  The Court shares the UST's concern about unbundling "heavily litigated matters" from the Firm's services for Debtors and any other clients the Firm may have in the Southern District of Indiana.  The Court GRANTS the Motion to Examine in that respect and finds that unbundling "heavily contested matters" violates Ind. R. Prof. Conduct 1.2(c).

The Court further ORDERS the Firm to amend its engagement letters and *Disclosure of Compensation of Attorney for Debtor(s)* to remove "heavily litigated matters" or similar language from its excluded services.  The Firm is ORDERED to submit revised language concerning exclusion of services for the Court's review within thirty (30) days of the date of this Order.  The Firm is also ORDERED to work with the UST to remove "heavily litigated matters" from excluded services from all clients with cases pending in the Southern District of Indiana.

### # # #